Michael J. COLEMAN, Petitioner—
Appellant,

v.

R.Q. HICKMAN, Warden, Respondent—
Appellee.

No. 05–56465.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 2008.*

Filed March 19, 2008.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Michael J. Coleman, Ione, CA, pro se.

Jerald L. Brainin, Esq., Los Angeles, CA, for Petitioner–Appellant.

David P. Druliner, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON and WARDLAW, Circuit Judges, and LEIGHTON **, District Judge.

R.App. P. 34(a)(2).
** The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

## MEMORANDUM ***

Michael Coleman ("Coleman") appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We review the district court's decision de novo, *Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir.2004), and we affirm.

Coleman raises a single issue in his habeas petition: whether he was denied adequate access to the appellate process by the California Court of Appeal. In his direct appeal before that court, he challenged a trial court ruling that denied him discovery of the files of the District Attorney's Victim–Witness Advocate. The appellate court endeavored to obtain the file from the trial court, but learned that it had not been made part of the record. Though it was unable to review the file and determine for itself whether the file contained discoverable material, the appellate court denied Coleman's discovery claim. Coleman sought rehearing, raising for the first time his argument that his right to appeal had been infringed because the court did not have before it "a record of sufficient completeness for adequate consideration of the errors assigned." *Draper v. Washington,* 372 U.S. 487, 497, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963) (internal quotation marks and citation omitted). His petition for rehearing was summarily denied without citation or comment. In such cases, "we undertake an independent review of the record before that state court to determine whether the state court decision was objectively unreasonable." *Brown v. Ornoski,* 503 F.3d 1006, 1010–11 (9th Cir. 2007).

In California, a petitioner alleging that he has been denied due appellate process

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

because a portion of the trial court record is lost or missing must demonstrate that he was prejudiced by the omission. *See People v. Young,* 34 Cal.4th 1149, 24 Cal. Rptr.3d 112, 105 P.3d 487, 498 (2005); *People v. Alvarez,* 14 Cal.4th 155, 58 Cal. Rptr.2d 385, 926 P.2d 365, 389 n. 8 (1996). Given the dearth of Supreme Court case law on this subject, we cannot say that California's standard is contrary to any clearly established federal law, *see Carey v. Musladin,* 549 U.S. 70, 127 S.Ct. 649, 654, 166 L.Ed.2d 482 (2006); nor did the Court of Appeal unreasonably apply the law to the facts of this case. 28 U.S.C. § 2254(d)(1). To prevail on his discovery claim before the appellate court, Coleman would have had to show that the Victim–Witness Advocate's file likely contained statements that were both favorable to the defense and material—that is, that a reasonable probability existed that had the file been disclosed, the outcome of the proceeding would have been different. *See Kyles v. Whitley,* 514 U.S. 419, 433–34, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (quoting *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). Accordingly, in order to prove that he was prejudiced by the loss of the file, Coleman must show that the appellate court could not have fairly decided the discovery issue without seeing the file. Coleman made no such showing before the state court, or this Court. Having conducted an independent review of the record, we conclude that the file could not have contained anything that would have altered the course of Coleman's trial. The record on appeal, which included the complete transcript of the trial, was sufficient for the state appellate court to make this determination.

**AFFIRMED.**